[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] STIPULATION
Daniel H. Kennedy, Jr. Heneghan, Kennedy Allen, L.L.C., Attorney for Plaintiff.
Ceil S. Gersten Law Offices of Ceil S. Gersten, Attorney for Defendant.
The parties hereby stipulate and agree as follows:
1. The parties agree that they are the parents of one minor child, issue of their marriage to wit: Desiree' Michelle Burhans born December 7, 1995.
2. The parties shall have joint legal custody of the minor child with her primary residence being with both the Plaintiff father and the Defendant mother.
3. The parties joint parenting plan shall be as follows:
 a. In the first week in the cycle, Plaintiff father will pick up the child from daycare on Friday afternoon. He will return to daycare Monday morning. Defendant mother will pick up from daycare Monday afternoon and will drop off at daycare Tuesday morning. Defendant mother will pick up from daycare Tuesday afternoon and drop off at daycare on Wednesday morning. Plaintiff father will pick up Wednesday afternoon from daycare and drop off on Thursday morning at daycare. Defendant mother will pick up from daycare on Thursday afternoon and drop off Friday morning at daycare.
 b. The second week in the cycle, Defendant mother will pick up from daycare on Friday afternoon and then drop off Monday morning at daycare. The Plaintiff father will pick up Monday afternoon from daycare and drop off and pick up child at daycare each day until he then drops off Thursday morning at daycare. CT Page 1993 Defendant mother will pick up from daycare Thursday afternoon and drop off child at daycare on Friday morning.
 c. It is understood that since the Defendant mother has Wednesday mornings off until 1:00 p.m., the child shall be in the mother's care every Wednesday morning. If Defendant mother desires to exercise this parenting time, she can pick up the child from daycare or other location mutually agreed upon with the Plaintiff father.
 d. The above schedule which is on a two week cycle simply repeats after week two of the above stated cycle.
 e. The parties will alternate the following holidays: Labor Day, Thanksgiving Day, Easter, Memorial Day, Independence Day, beginning with the Plaintiff father this Thanksgiving Day. Plaintiff father will always have the child on the Saturday before Christmas and on Christmas Eve. The Defendant mother will always have the child on Christmas Day. The parties will share the parenting time with the child on her birthday and will co-ordinate the planning of any party. Holiday parenting time will take precedence over the normal parenting time schedule.
 f. The parties will continue with their shared parenting plan in the summer months. The Plaintiff father will notify the Defendant mother on or before March 30th each year in written form as to whether or not he will be available during the summer months to care for Desiree' during the day. If he is unavailable, the parties shall mutually decide on their daycare arrangement.
4. Any future modifications to the parenting plan will be made by the mutual agreement or through mediation, if necessary.
5. Neither of the parties will pay child support to the other. The parties agree that the application of the child support guidelines is inappropriate or inequitable due to the shared custody arrangement. However, the parties will equally split the CT Page 1994 cost of daycare, any insurance for the minor child and activity or camp fees. Both parties will buy clothes for the child as needed.
6. The Defendant mother shall maintain medical and dental insurance for the minor child as it is available through her employment Any cost shall be equally split between the parties. The Plaintiff father will pay one-half the cost of the health insurance (currently $24.00 month) to the Defendant mother on the first of each and every month. All unreimbursed medical and dental bills (including orthodontic, psychiatric, prescription drugs or optical) for the minor child shall be equally split by the parties. The parties shall submit any bills in a timely manner and shall cooperate with each other in the payment of these costs.
7. The parties shall mutually agree on any changes to their daycare arrangement.
8. Neither parent shall move the permanent residence of the child from the State of Connecticut without approval by a Connecticut Court after proper notification to the other parent of a court hearing.
BURHANS v. BURHANS, No. FA97 0063162 S (Feb. 4, 1999) THEODORE O. BURHANS VS. SUSAN A. BURHANS 1999 Ct. Sup. ___ ___ CLR ___ No. FA97 0063162 S Superior Court Judicial District of Tolland at Tolland February 4, 1999
 STIPULATION
Daniel Kennedy, Jr., Attorney for the Plaintiff.
Ceil S. Gersten, Attorney for the Defendant.
The parties hereby stipulate and agree as follows:
1. The marriage of the parties has broken down irretrievably.
2. Each party waives any and all rights, if any, to the other party's 401K/pension plan. Retirement plans and TSA Accounts. CT Page 1995
3. The parties have previously agreed to a division of personal property.
4. Each party shall retain the motor vehicle they currently have registered in their own name. The Defendant/mother will cooperate fully in signing the title to the 1995 Blazer if necessary to transfer title to the Plaintiff/father.
5. The Husband and the Wife shall henceforth hold, possess and enjoy for his or her whole and separate use, free from interference or control by the other party, all real and personal property, causes of action and other property of which he or she may now or hereafter be seized or possessed, except as otherwise provided in this Agreement. Each of said parties shall henceforth have the free and entire disposition of all his or her estate and property by deed or conveyance, or by Last Will and Testament or otherwise, as if sole and unmarried. Each of the parties covenants that in the case of the other party dying within his or her lifetime, he or she will not claim or demand any estate, right, title or interest in or to any of the real or personal estate of the deceased party, whether by right of power or as tenant by the courtesy or by virtue or any statutory right to elect to take against any will or codicil of the deceased party which he or she may now or hereafter be or become entitled to by the laws of the United States of America, or of any of the United States or political subdivision thereof, or of any foreign county except as provided herein.
6. Each party shall retain the bank accounts on their respective financial affidavits. The Plaintiff shall retain the Putnam fund, MONY Life policy and his TSA Account.
7. The Defendant/mother will assume payment and hold the Plaintiff/father harmless on the payment of People's Master Card and the portion of the debt to Connecticut State Employees Credit Union in the approximate amount of $800, which is the remaining amount due on the joint debt for a swimming pool the parties purchased for the marital home. The Plaintiff/father will assume payment and hold the Defendant/mother harmless on the payment of Citibank Visa, First New England Federal Credit Union and the Sallie Mae Educational Loan.
Each party shall be responsible for the remaining debts listed on their financial affidavits. CT Page 1996
8. The Plaintiff/father shall be entitled to take Desiree as an exemption in even numbered years and the Defendant/mother shall take Desiree as an exemption in odd numbered years. The Plaintiff/father shall file amended 1997 Federal and State of Connecticut tax returns within 30 days of judgment, without the taking of the minor child as in an exemption.
9. The parties each agree to maintain their current life insurance policies with Mutual of New York in the amount of $100,000 naming the minor child as the irrevocable beneficiary and the other parent as the trustee until the minor child obtains the age of twenty-one.
10. Each of the parties hereto acknowledges that this Stipulation is fair, just, and reasonable and is not the result of any fraud, duress, coercion, pressure or undue influence exercised by either party on the other or by any other person or persons upon either. The parties declare that each fully understands the facts and they clearly understand and consent to all of the provisions hereof and each of them signs this Agreement freely and voluntarily.